THE MINNEAPOLIS THRESHING MACHINE COMPANY V. H. AND N. BECK, *et al.*, Appellants.

**Appraisement: WAIVER.** The mortgagor waived appraisement by stipulation in the mortgage. The mortgage was foreclosed. There was a sale without appraisement, mortgagee being present. An inadequate price was obtained. *Held*, the appraisement before sale required by Code, 3100, cannot so be waived, and the mortgagee is not precluded from moving to set the sale aside because there was no appraisement.

*Appeal from Lyon District Court.*—HON. A. VAN WAGENEN, Judge.

TUESDAY, OCTOBER 15, 1895.

The defendant, other than H. and N. Beck, is Paul Smith. H. and N. Beck are judgment debtors of the plaintiff company. The judgment was one of foreclosure of a chattel mortgage upon a traction engine and threshing outfit. The judgment directed a special execution, which issued, and the property was sold to the defendant Paul Smith for one hundred dollars. The sale was without appraisement. The mortgage contained this provision: "The mortgagors hereby waive any appraisement, and any and all relief from valuation and appraisement law." The price paid was less than one-fourth of the actual value of the property. On the day after the sale, the plaintiff filed an application to set it aside, for the reasons that it was made without appraisement and the inadequacy of the price paid. The court sustained the application, and the defendant Smith appealed.— *Affirmed.*

*E. Y. Greenleaf* for appellants.

*Parsons & Van Wagenen* for appellee.

Granger, J.—The following is the provision of the Code with regard to the appraisement of personal property sold on execution:

"Sec. 3100. Personal property levied upon and advertised for sale on execution must be appraised before sale by two disinterested householders of the neighborhood, one of whom shall be chosen by the execution debtor and the other by the plaintiff, or in case of the absence of either party, or if either or both parties neglect or refuse to make choice, the officer making the levy shall choose one or both, as the case may be, who shall forthwith proceed to return to said officer a just and true appraisement, under oath, of said property, if they can agree; and in case they cannot agree, they shall choose another disinterested householder, and with his assistance they shall complete such appraisement, and the property shall not be sold for less than two-thirds of said valuation; provided the same shall be offered for three successive days at the same place and hour of day as advertised, and if no offer equal to two-thirds the value thereof be made, then it shall be lawful to sell said property for one-half of said valuation."

The record clearly shows that the appraisement was waived by the mortgagors, and it presents the query if the appraisement may be dispensed with without the consent of both parties. We are not cited to a statute like ours. It seems as if the act was framed with especial reference to preventing either party from placing himself, by his acts, so as to involve a waiver of its provisions. It not only provides that a waiver shall not follow his neglect, but shall not follow even his refusal to take part by selecting

an appraiser. The language seems quite imperative throughout. It not only provides that the appraisement must be made, but that each party shall designate an appraiser. Anticipating, as it were, that by neglect or refusal there might be an omission, because of the parties, the law supplies an officer to act in their stead. It is manifest that neither party can, by his acts, waive the appraisement. That fact gives strong support to the conclusion that the legislative intent was that it should not be done by his words, for there is nothing to indicate a purpose to permit it in one way, and not in the other. If the law was intended to be in the interest of the debtor alone, and that he might waive its provisions, it would seem as if his refusal to make a selection of an appraiser to carry out the requirements of the law would mean that he did not desire an appraisement, and hence that he waived it, and that the refusal should have a legal effect. But such a legal result cannot follow such an act by the express terms of the law. With this conclusion, before we should permit it to be done in any other way by the debtor, there should be something from which we could conclude that the legislative thought was to permit the waiver in a particular way, and not otherwise. From the language of the law, that "personal property levied upon and advertised for sale on execution must be appraised before sale," followed by provisions that will not permit the acts of the parties—one or both—to waive the provisions of the appraisement, we conclude that the debtor cannot do it by a stipulation in a mortgage or by a verbal consent to the officer. The rule as to waiving exemptions is controlled by a different statute, and the authorities do not apply.

It seems as if the agents of plaintiff were present at the sale, and it is claimed that they must have known that no appraisement had been made, and

made no objection. We do not determine what would be the effect of a consent to waive appraisement by both parties. It is certain in this case that there is nothing more to signify a waiver on the part of plaintiff than there would have been had it refused to select an appraiser when requested; and, under the terms of the law, such a refusal would not have authorized the officer to sell without an appraisement. It would then have been his duty to select one himself, and have the appraisement made. Whether or not the result would have been different had the plaintiff been the purchaser at the sale, or done acts that should in equity or law, independent of the statute, estop it, we do no determine.

We may further say that the sale should be set aside on the ground of inadequacy of price paid. This conclusion is not influenced by the manner of the sale, which it is not important to discuss, as the same facts will not likely arise on another sale. The order of the district court is *affirmed*.